Robert J. Berg, Esq.
DENLEA & CARTON LLP
2 Westchester Park Drive, Suite 410
White Plains, New York  10604
(914) 331-0100 (Telephone)
(914) 331-0105 (Fax)
rberg@denleacarton.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

----------------------------------------------------------------x

| | |
|---|---|
| LAWRENCE FARRELL, on behalf of himself and all others similarly situated, | Civil Action No. |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| -against- | |
| SONY CORPORATION OF AMERICA, SONY INTERACTIVE ENTERTAINMENT LLC, and SONY INTERACTIVE ENTERTAINMENT AMERICA LLC, | |
| Defendants. | |

----------------------------------------------------------------x

Plaintiff, Lawrence Farrell, by and through his attorneys, Denlea & Carton LLP, on behalf of himself and all others similarly situated, brings this action based upon his own personal knowledge as to himself and his own acts, and upon information and belief and the investigation of his counsel as to all other matters, and alleges as follows:

**NATURE OF ACTION**

1. This is a consumer class action against one of the world's largest videogame and media companies and its parent corporation and their online PlayStation family of websites to recovery statutory penalties and/or actual damages due to Defendants' imposition of unfair, one-sided and illegal provisions in the Terms of Service which

1

imposition of unfair, one-sided and illegal provisions in the Terms of Service which consumers are required to accept in order to use the PlayStation Network and PlayStation family of websites. Defendants' Terms of Use violate New Jersey's Truth-in-Consumer Contract, Warranty and Notice Act ("TCCWNA"), N.J.S.A. 56:12-14 *et seq.*, and this class action lawsuit seeks to hold Defendants accountable for those violations.

## THE PARTIES

2. Plaintiff Lawrence Farrell is a resident of Bergen County, New Jersey. Plaintiff plays video games, including Defendants' PlayStation. For several years, through at least November 2014, Plaintiff made multiple purchases on Defendants' PlayStation.com website for personal, family, or household purposes. Plaintiff and the Class Members he seeks to represent are "consumers" as defined by N.J.S.A. 56:12-15.

3. Defendant Sony Corporation of America ("SCA") is the U.S. headquarters of the Sony Corporation, a Japanese corporation headquartered in Tokyo, Japan. The Sony Corporation is one of the world's largest electronics and entertainment companies. It manufactures and sells a vast array of consumer electronics, mobile communications devices and services, games and network services, imaging products and solutions, home entertainment and sound systems, semiconductors, and components. It owns and operates a leading movie studio, television studio, and other media networks, a major music company, and financial services companies.

4. SCA is a New York corporation which maintains its principal place of business at 25 Madison Avenue, New York, New York. SCA is made up of a number of global businesses that also have headquarters in the United States, including Sony

Electronics and Sony Mobile Communications (electronics and mobile); Sony Pictures Entertainment (film and TV); Sony Music Entertainment and Sony/ATV Music Publishing (music); Sony Computer Entertainment America, now called Sony Interactive Entertainment LLC, and Sony Online Entertainment (games); Sony Network Entertainment and Sony DADC (digital services); and other businesses, including Illinois-based Sony Biotechnology which supplies flow cytometry analysis and sorting technology for life science research.

5. Sony Interactive Entertainment LLC ("SIE") is a California corporation with its principal place of business located at 2207 Bridgepointe Parkway, San Mateo, California 94494. SIE is recognized as a global leader in interactive and digital entertainment, and is responsible for the PlayStation brand and family of products. PlayStation has delivered innovative products to the market since the launch of the first PlayStation in Japan in 1994. The PlayStation family of products and services includes the PlayStation 4, PlayStation VR, PlayStation Store, PlayStation Now, and PlayStation Vue. SIE also oversees Worldwide Studios, which is responsible for developing exclusive, world-class games for PlayStation.

6. Sony Interactive Entertainment America LLC ("SIEA") is a Delaware corporation with its principal place of business located at 2207 Bridgepointe Parkway, San Mateo, California 94404. SIEA is a wholly owned subsidiary of Sony Corporation and is also responsible for the PlayStation brand and family of products.

7. Defendants maintain websites and sell products and services on their websites. In particular Defendants' PlayStation maintains a family of websites on which they offer their PlayStation products and services.

8. Defendants sell their products and services to consumers, including many thousands of New Jersey consumers, through their various websites, most importantly, www.playstation.com.

9. Defendants require all users of their PlayStation family of websites, whether or not they make purchases on these websites, to accept the Terms of Service agreement set forth on these websites. These Terms of Service violate the TCCWNA. As a direct result of Defendants' violations of the TCCWNA, Plaintiff and the other Class members are entitled to statutory penalties or have suffered actual damages, have been injured thereby, and seek recovery for their monetary damages in this action.

## JURISDICTION AND VENUE

10. Plaintiff seeks monetary and injunctive relief, including attorneys' fees and costs, for Defendants' violations of the TCCWNA.

11. Jurisdiction is proper in this Court pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d), because members of the proposed Class are citizens of states different from Defendants' home states; there are more than 100 Class members, and the amount-in-controversy exceeds $5,000,000, exclusive of interest and costs.

12. The Court has jurisdiction over Defendants named herein because Defendants have sufficient minimum contacts with the State of New Jersey and/or otherwise intentionally avail themselves of the laws and markets of the State of New Jersey through the promotion, sale, marketing, and distribution of goods and services in the State of New Jersey to render the exercise of jurisdiction by this Court permissible.

13. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because

Plaintiff resides here, Defendants' improper conduct alleged in this Complaint occurred here and has caused harm to Class members residing here, and Defendants are subject to personal jurisdiction in this Court.

## FACTUAL ALLEGATIONS

14. Defendants market and sell a vast array of products and services throughout the State of New Jersey. Defendants' PlayStation Network is an online service with over 110 million users worldwide. PlayStation Network is an online virtual market which allows for the purchase and download of games and various forms of multimedia and a subscription-based online service, among other products and services.

15. Plaintiff and the Class members have purchased products and services from Defendants' PlayStation family of websites. Each of the websites' homepages contains a Terms of Use link at the bottom of the homepage. Opening that link leads the user to Defendants' full Terms and Conditions.

16. The Terms of Service purport to bind Defendants and all persons who use the websites, both for purchasing products and/or services or simply for viewing the websites. More specifically, the Terms of Service state, in relevant part:

> Terms of Service
>
> Welcome to the PlayStation family of web sites ("Sites" or "our Sites"). These Terms of Service apply to us.playstation.com, all official game sites for games published by Sony Interactive Entertainment America LLC, naughtydog.com and any other sites operated by SIEA or its subsidiaries ("SIEA") or that link to these Terms of Service. PlayStation.com/network and other PlayStation Network branded websites and services are operated by Sony Interactive Network America LLC or its affiliates and are governed by the <u>PlayStation Network Terms of Service and Privacy Policy.</u>
>
> - Don't forget that you are legally obligated to the Terms of Service noted below as well as to any other agreements, terms and rules that we tell you apply to your use of our Sites.

5

- Please don't use our Sites if you don't agree to these Terms of Service because once you are on our Sites, you have to follow the rules.  SIEA and its subsidiaries, representatives and agents that assist in operating our Sites reserve the right to temporarily or permanently disable access to the Sites for anyone who violates these Terms of Service.  Because of the importance of these Terms of Service, we will disable access to the Sites at our discretion and may do so without notice.

- Because we reserve the right to change the Terms of Service at any time, we recommend visiting this page periodically to make sure that the rules have not changed since your last visit.  By using these Sites, you agree to be bound by all of the current terms of service.

Here are the Terms of Service we expect you to follow:

1. ABILITY TO ACCEPT TERMS OF SERVICE

These Terms of Service form a legally binding contract between you and us.  By using our Sites, you affirm that you are at least 18 years of age, an emancipated minor or possess legal parental or guardian consent, and are fully able and competent to enter into the terms, conditions, obligations, representations and responsibilities set forth in these Terms of Service, and to abide and comply with these Terms of Service.

17. Thus, the Introduction section of the Terms of Service purports to be a binding agreement between Defendants and all persons who use the websites and/or purchase any of the goods and services available on these websites.

18. The binding provisions set forth in the Terms of Service purport to impose unlawful and improper conditions upon customers who visit Defendants' websites and/or purchased goods and services from those websites.  In particular, notwithstanding the clear New Jersey law to contrary, Defendants have sought to deprive users of Defendants' websites from pursuing their legal rights to recover for harms arising from Defendants' tortious acts.  Defendants also have sought to absolve themselves from their responsibility to protect consumers from unreasonable risks of harm, including harm from the unlawful acts of third parties.  The Terms of Service further improperly purport to absolve Defendants

6

from any liability for false or misleading content on their websites, from any liability stemming from the sale of dangerous or substandard products, from protections available under New Jersey's Uniform Commercial Code, and from punitive damages, among other things. These binding provisions violate the TCCWNA.

19.     The unlawful provisions begin with the Warranty Disclaimer" section:

### 12. WARRANTY DISCLAIMER

We really hope you enjoy the Sites, and we also hope the Sites will function properly. Your use of the Sites, however, is at your sole risk. To the fullest extent permitted by law, SIEA, its officers, directors, shareholders, employees representatives [sic], and agents disclaim all warranties, express or implied, including the implied warranties and conditions of merchantability, fitness for a particular purpose and non-infringement, in connection with the Sites and your use of them. SIEA makes no warranties or representations about the accuracy or completeness of the Sites, and assumes to the maximum extent permitted by law no liability or responsibility for any (a) errors, mistakes or inaccuracies on the Sites; (b) personal injury or property damage of any nature whatsoever resulting from your access to and use of the Sites; (c) unauthorized access to or use of our secure servers or any and all Personal Information that is not submitted using a secured transmission; (d) interruption or the cessation of transmission to or from our Sites; (e) bugs, viruses, trojan horses or the like that may be transmitted to or through our Sites by any third-party; or (f) errors or omissions on our Sites or for any loss or damage of any kind incurred as a result of your use of any content available via the Sites. SIEA does not warrant, endorse, guarantee, or assume responsibility for any product or service advertised or offered by a third-party through the SIEA or any hyperlinked website or feature in any banner or other advertising, and SIEA will not be a party to or in any way be responsible for monitoring any transaction between you and third-party providers of products or services. As with the purchase of a product or service through any medium or in any environment, you should use your best judgment and exercise caution where appropriate.

20.     The above provisions in the Terms of Service purport to impose unlawful conditions upon customers who visit Defendants' websites and/or purchase products or services from the sites. In particular, the provisions seek to exculpate Defendants from their duties of care under New Jersey law to avoid creating an unreasonable risk of harm to consumers and to exercise reasonable care. *See, e.g., Hopkins v. Fox & Lazo Realtors*, 132

7

N.J. 426, 448 (1993).

21. Moreover, the provisions seek to exclude all warranties of any kind, "[t]o the fullest extent permitted by law." That provision directly violates the TCCWNA. *See Shelton v. Restaurant.com*, 214 N.J.419, 427-428 (2013) ("[A] contract or notice must clearly identify which provisions are void, inapplicable, or unenforceable in New Jersey. In other words, a contract or notice cannot simply state in a general, nonparticularized fashion that some provisions of the contract or notice may be void, inapplicable, or unenforceable in some states.") (Citations omitted).

22. The unlawful Terms of Service further include the Limitation of Liability section which provides:

> 13. LIMITATION OF LIABILITY
>
> We have to throw in some more legal language we need to protect us so that we can provide you the benefits of the Sites. In no event will SIEA, its officers, directors, employees, shareholders, representatives or agents be liable to you for any direct, indirect, incidental, special, punitive or consequential damages whatsoever resulting from any (a) mistakes or inaccuracies of content on the Sites; (b) personal injury or property damage of any nature whatsoever resulting from your access to and use of the Sites; (c) any unauthorized access to or use of our secure servers or any and all non-secured personal information; (d) any interruption or the cessation of transmission to or from the Sites; (e) any bugs, viruses, trojan horses or the like that may be transmitted to or through the Sites; or (f) any errors or omissions in any content or for any loss or damage of any kind incurred as a result of your use of any content posted, emailed, transmitted or made available via the Sites, whether based on warranty, contract, tort or any other legal theory and whether or not the company is advised of the possibility of such damages. *This limitation applies to the fullest extent permitted by law in the applicable jurisdiction.* (Emphasis added).

23. This provision unlawful seeks to exculpate Defendants from their responsibility under the New Jersey Products Liability Act, N.J.S.A. 2A:58C-1, *et seq.*, to sell safe products, and from liability under the New Jersey Punitive Damages Act, N.J.S.A. 2A:15-5.9 *et seq.* Additionally, Defendants purport to bar consumers from remedies and

8

damages recoverable under New Jersey's Uniform Commercial Code, particularly damages for economic and property damage. N.J.S.A. 12A:701, *et seq.*, and from protection against third-party criminal acts, such as hacking customers' personal information. N.J.S.A. 56:8-161, *et seq.* The above provisions, including the referral of the consumer to unidentified local laws for any prohibitions of certain provisions, violate the TCCWNA.

24. New Jersey's consumer protection laws, including the TCCWNA, are designed to protect consumers from the type of unconscionable and unlawful provisions contained in Defendants' Terms of Service as set forth above.

25. Defendants' imposition upon consumers of the above-described provisions in the Terms of Service violates certain common law standards under New Jersey law and certain statutory provisions designed to protect New Jersey consumers, including the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-161, *et al.* and the TCCWNA. Plaintiff, therefore, brings the statutory claim alleged herein to enjoin Defendants' continued use of the unlawful language in their Terms of Service on their websites and to impose the remedies provided for in the TCCWNA.

## CLASS ACTION ALLEGATIONS

26. Plaintiff seeks to be appointed as the class representative of a Class composed of and defined as follows:

> All New Jersey residents who purchased any goods or services on the PlayStation family of websites, as defined in and subject to the Terms of Service. Excluded from the Class are Defendants and any Judge presiding over this matter and the members of his or her immediate family. Also excluded from this Class are the legal representatives, heirs, successors and attorneys of any excluded person or entity, and any person acting on behalf of any excluded person or entity.

27. As to the above Class, this action is appropriately suited for class action

treatment. Plaintiff is informed, believes, and thereon alleges, that the Class is sufficiently numerous – consisting of thousands of individuals -- such that a class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all Class members is impractical.

28. This action involves questions of law and fact common to the Class. The Terms of Service that Defendants have imposed upon users of their PlayStation family of websites are uniform and apply equally to all such New Jersey users on the same conditions and terms. Such common issues of law and fact include, but are not limited to:

- Whether the Terms of Service on the PlayStation family of websites constitute a contract between Defendants and Plaintiff and the Class members;

- Whether the Terms of Service on the PlayStation family of websites apply uniformly and equally to all New Jersey users of the websites;

- Whether the Terms of Service violate the TCCWNA; and

- Whether, as a result of Defendants' violations of the TCCWNA, Plaintiff and the Class members are entitled to statutory penalties, monetary damages, and equitable and injunctive relief.

29. The questions of law and fact common to the Class members predominate over any questions affecting only individual members, including legal and factual issues relating to liability and available remedies.

30. Plaintiff's claims are typical of the claims of Class members, and Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff purchased products and services on the PlayStation family of websites, subject to the unlawful Terms of Service set forth thereon. Plaintiff suffered an injury-in-fact as a result of Defendants' unlawful conduct, as did all Class members who similarly purchased goods and services on the

PlayStation family of websites, subject to the same unlawful Terms of Service.

31. Plaintiff's interests are coincident with and not antagonistic to those of the other Class members. Plaintiff is represented by counsel who is competent and experienced in the prosecution of class action litigation.

32. A class action is superior to other methods for the fair and efficient adjudication of this controversy. Treatment as a class action will permit a large number of similarly situated Class members to adjudicate simultaneously their common claims in a single forum in an efficient manner and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not afford individually to litigate the claims pleaded in this Complaint. There are no difficulties likely to be encountered in the management of this class action that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION

### (VIOLATIONS OF THE NEW JERSEY TRUTH-IN-CONSUMER CONTRACT, WARRANTY AND NOTICE ACT ("TCCWNA""), N.J.S.A. 56:12-14 *ET SEQ.*)

33. On behalf of himself and the Class members, as defined in Paragraph 25 above, Plaintiff hereby realleges, and incorporates by reference as though set forth fully herein, the allegations contained in paragraphs 1 through 32 above.

34. The TCCWNA provides, in relevant part: "No seller ... shall in the course of his business offer to any consumer or prospective consumer or enter into any written consumer contract or give or display any written consumer warranty, notice or sign after the effective date of this act which includes any provision that violates any

clearly established legal right of a consumer or responsibility of a seller ... as established by State or Federal law at the time the offer is made or the consumer contract is signed or the warranty, notice or sign is given or displayed."

35. Defendant is a "seller" within the meaning of N.J.S.A. 56:12-15.

36. Plaintiff is a "consumer" within the meaning of N.J.S.A. 56:12-15.

37. Defendants' "Terms of Service" constitute a consumer contract displayed and/or offered by sellers to consumers.

38. The "Terms of Service," as alleged above, include provisions that violate the legal rights of consumers and/or the legal responsibilities of sellers in the State of New Jersey.

39. Pursuant to N.J.S.A. 56:12-17, Plaintiff and the Class are entitled to (a) a civil penalty of net less than $100, payable separately to Plaintiff and to each Class member, for each violation of the TCCWNA; and (b) reasonable attorneys' fees, costs, and expenses.

40. Plaintiff reserves the right to identify additional provisions of the law violated by Defendants as further investigation and discovery warranty, and to amend the Complaint to add such provisions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendants as follows:

1. Certifying this action as a class action as soon as practicable, with the class as defined above, designating Plaintiff as the named class representative, and designating the undersigned as Class Counsel.

2. On Plaintiff's First Cause of Action, awarding against Defendants the statutory penalties to which Plaintiff and the other Class members are entitled and/or the actual damages that Plaintiff and the other Class members have suffered as a result of Defendants' actions, the amount of such penalties and/or actual damages to be determined at trial.

3. Awarding Plaintiff and the Class interest, costs, and attorneys' fees.

4. Awarding Plaintiff and the Class such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by on all issues so triable.

Dated: White Plains, New York
July 18, 2016

                              Respectfully submitted,

                              /s/   Robert J. Berg
                              DENLEA & CARTON LLP
                              Robert J. Berg, Esq.
                              Joanna Sandolo, Esq.
                              Two Westchester Park Drive, Suite 410
                              White Plains, New York  10604
                              Telephone:  (914) 331-0100
                              Facsimile:  (914) 331-0105
                              rberg@denleacarton.com
                              jsandolo@denleacarton.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------x

LAWRENCE FARRELL, on behalf of
himself and all others similarly situated,

                Plaintiff,

-against-

SONY CORPORATION OF AMERICA, SONY
INTERACTIVE ENTERTAINMENT LLC, and
SONY INTERACTIVE ENTERTAINMENT
AMERICA LLC,

                Defendants.
------------------------------------------------------------x

**Civil Action No.**

**<u>CLASS ACTION</u>**

**CERTIFICATION OF NON-ARBITRABILITY PURSUANT TO L. CIV. R. 201.1**

      Robert J. Berg, of full age, certifies that pursuant to L. Civ. R. 201.1, the within matter is not arbitrable, being that the Complaint seeks damages that are in excess of $150,000.

      I certify under penalty of perjury that the foregoing is true and correct.

Dated this 18th day of July, 2016

                              Respectfully submitted,

                              <u>/s/ Robert J. Berg</u>
                              Robert J. Berg, Esq.
                              DENLEA & CARTON LLP
                              2 Westchester Park Drive, Suite 410
                              White Plains, New York 10604
                              Telephone: (914) 331-0100
                              Facsimile: (914) 331-0105
                              <u>rberg@denleacarton.com</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

------------------------------------------------------------x
LAWRENCE FARRELL, on behalf of
himself and all others similarly situated,

                Plaintiff,

                -against-

SONY CORPORATION OF AMERICA, SONY
INTERACTIVE ENTERTAINMENT LLC, and
SONY INTERACTIVE ENTERTAINMENT
AMERICA LLC,

                Defendants.
------------------------------------------------------------x

**Civil Action No.**

**CLASS ACTION**

**CERTIFICATION PURSUANT TO L. CIV. R. 11.2**

      Robert J. Berg, of full age, certifies that pursuant to L. Civ. R. 11.2, the matter in controversy is not the subject of any other action pending in this Court.

      I certify under penalty of perjury that the foregoing is true and correct.

Dated this 18th day of July, 2016

                                      Respectfully submitted,

                                      /s/ Robert J. Berg
                                      Robert J. Berg, Esq.
                                      DENLEA & CARTON LLP
                                      2 Westchester Park Drive, Suite 410
                                      White Plains, New York 10604
                                      Telephone: (914) 331-0100
                                      Facsimile: (914) 331-0105
                                      rberg@denleacarton.com